(C. D. 163)

JUILLARD, INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided May 22, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: This case arises because of the assessment of duty by the collector upon the contents of a case containing twelve bottles of liquor at $5 per proof gallon, in accordance with paragraph 802 of the Tariff Act of 1930. The importer claims that only three bottles of liquor were entered and therefore the assessment of the collector upon twelve bottles is contrary to law. The protest is in the following language:

That you have erred in assessing duty and internal revenue tax on 12 bottles of liquor (a full case) as the merchandise covered by the entry cited below. There is no evidence in evidence that the case in question contained 12 bottles of liquor when landed in the United States, there is evidence to the effect that the case contained 3 bottles. Entry was made and filed to specifically cover 3 bottles of liquor, the appraiser found on examination that the case contained 2 full bottles and broken glass, his return was so made. Your action as taken in assessing duty

and internal revenue tax other than for three bottles is not correct and is contrary to law. Demand is hereby made that the entry cited be reliquidated to cover 3 bottles in accordance with the manner in which the entry was originally filed.

At the trial the broker who filed the entry testified that the entry was made for three bottles of cordials in one case. The examiner of merchandise testified that he reported he found what had been a total of twelve bottles in the case; that there were two bottles still containing liquor and ten bottles broken; that he examined the contents of the package and that each bottle contained 24.43 fluid ounces, a total of 50.86 fluid ounces. The Government upon completion of the testimony moved that the same be stricken from the record and protest dismissed.

The plaintiff contends that the assessment based upon the provisions of paragraph 813 is erroneous for the reason that this provision evidently contemplates allowance for breakage from the entered quantity, and in view of the entry of what was believed to be three sound bottles, no allowance for breakage is contemplated and therefore the application of paragraph 813 was erroneous

The Government contends that the importer's entry of a less amount than the twelve bottles exported from France, as shown by the invoice, does not cure the failure of importer to comply with the terms of the tariff act as to an allowance for breakage.

The provision of the Tariff Act of 1930 involved reads as follows:

PAR. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within five days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package *in its condition as exported, has been lost,* allowance therefor may be made in the liquidation of the duties. [Italics not quoted.]

Paragraph 813 is clear and unambiguous. Congress there made a mandatory provision that there shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits. It will be noted that an exception therein was made when under certain conditions a cask or package has been broken or injured in transit from a foreign port resulting in a loss of 10 per centum or more of the value of the contents of said cask or package in its condition as exported. In making an allowance under paragraph 813 the collector must first consider the package in which the merchandise was exported. Having determined the package and its exported capacity he is authorized to make an allowance for breakage or damage when the statute has been complied with.

Here the importer has attempted to avoid the provisions of the law by entering three bottles of cordial out of the package upon the

theory that the provision contemplates an allowance from the entered quantity. However, we believe it is clear that paragraph 813 provides that allowance be granted upon the value of the contents of the package in its exported condition, rather than as entered.

In the case of *Park & Tilford Import Corporation* v. *United States,* 26 C. C. P. A. 342, C. A. D. 38, the court upheld the collector in his assessment of duty upon the quantity of liquor exported in the package. In that case affidavits were filed with the collector in accordance with the provisions of paragraph 813, but were rejected as insufficient. Upon trial before the Customs Court the collector was sustained and the affidavits were held to be insufficient to warrant the collector making an allowance in duties. Upon appeal the importer failed to raise the question of the sufficiency of the affidavits and the court presumed that there was no package delivered to the importer which presumptively contained less than 90 per centum of the total value of the liquor originally placed in the package, although as a matter of fact twenty-one bottles in twelve cases were broken. In discussing the provisions of paragraph 813, the court stated:

We think it is fallacious to argue that the collector is levying duty on something which has not been imported if he, in cases like this, in carrying out the will of Congress, refuses to make leakage allowance and assesses duty on the entered quantity in instances where the packages which were imported and delivered to the importer presumptively contained more than 90 per centum of the total value of the liquor which was originally placed in the packages.

We find from the entry papers herein that the merchandise was entered in the manner following:

J. H.                  1 case Spirits nspf Cordials
Curacao                    40% alc by vol.
#14                         (3 bottles)

It is clear from the above entry that the case or package as exported was actually entered although the contents were noted as three bottles. The appraiser upon examination found a case of twelve bottles, ten bottles broken. Under the provisions of paragraph 813 allowance for breakage in an export package is expressly prohibited unless the gauger's return is verified by an affidavit of the importer filed within five days after delivery of the merchandise. Here, the affidavit of the importer was not filed. The entered quantity under the law is to be measured by the capacity of the cask or package and not by the contents thereof. We are therefore of the opinion that where duty is assessed upon the entered quantity of the package in the absence of an affidavit by the importer lawfully filed, such package presumptively contained 90 per centum of the total value of the liquor which was originally placed in the package.

While we are of the opinion that much of the testimony adduced by the plaintiff's witnesses at the trial was irrelevant and immaterial and not the best evidence as to the issue involved herein, in view of the fact that our decision has not been based upon such testimony, nor affected thereby, we are not inclined to sustain the motion of the Government that such testimony be stricken from the record. The motion is therefore overruled, and an exception given the Government.

Inasmuch as there is nothing before us upon which to base an allowance for breakage under the statute, judgment will be entered in favor of the Government.